1  PANISH SHEA & BOYLE LLP
   RAHUL RAVIPUDI, State Bar No. 204519
2    *ravipudi@psblaw.com*
   JESSE CREED, State Bar No. 272595
3    *creed@psb.law*
   11111 Santa Monica Boulevard, Suite 700
4  Los Angeles, California 90025
   Telephone: 310.477.1700
5  Facsimile: 310.477.1699

6  Damon Rogers, Esq. (SBN 263853)
   *Damon@RogersBeltran.com*
7  Andy Beltran, Esq. (SBN 311441)
   *Andy@RogersBeltran.com*
8  ROGERS | BELTRAN LLP
   1801 Century Park East, 24th Floor
9  Century City, CA 90067
   Tel: (310) 556-9648
10 Fax: (714) 464-4646

11 Attorneys for PLAINTIFFS

12          **UNITED STATES DISTRICT COURT**

13     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15 CINA NOURI, an individual, and          Case No.
   RICARDO ZEPEDA, an individual, on
16 behalf of themselves and all others      **CLASS ACTION:**
   similarly situated,
17                                          1. **VIOLATIONS OF**
            Plaintiffs,                        **CALIFORNIA UNFAIR**
18                                             **COMPETITION LAW**
       v.                                   2. **VIOLATION OF**
19                                             **CALIFORNIA DATA**
   MARRIOTT INTERNATIONAL,                     **BREACH ACT**
20 INC., a Delaware corporation, and        3. **BREACH OF CONTRACT**
   DOES 1 to 100,                           4. **BREACH OF COVENANT OF**
21                                             **GOOD FAITH AND FAIR**
            Defendants.                        **DEALING**
22                                          5. **MONEY HAD AND**
                                               **RECEIVED**
23                                          6. **NEGLIGENCE**

24

25                                          **DEMAND FOR JURY TRIAL**

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Plaintiffs Cina Nouri and Ricardo Zepeda (hereinafter collectively where appropriate "Plaintiffs") as individual consumers residing in California, on behalf of themselves and on behalf of all others similarly situated, filed this Class Action Complaint against Marriott International, Inc. Plaintiffs hereby allege upon information and belief as follows:

## I.   INTRODUCTION

1. On November 30, 2018, Defendant Marriott International, Inc. ("Marriott" or "Defendant") disclosed one of the largest data security breaches in United States history (the "Data Breach"). Cyber criminals stole the personal information, including in some cases passport information, of roughly 500 million customers. The attackers copied and encrypted information from one of Marriott's customer reservation systems and attempted to remove it, causing millions of customers to worry about the threat of identity fraud.

2. Even though Marriott has a duty to take precautions to protect the personal data of these 500 million customer, Marriott allowed cyberattackers to roam freely and mostly undetected for nearly four years. The thieves took sensitive personally identifiable information ("PII"), including mailing and billing addresses, phone numbers, birth dates, gender, reservation data, passport numbers, email addresses, credit and debit card numbers, expirations dates, and security codes. Passport information is the legal property of the United States government.

3. Worse yet, Marriott failed to disclose the Data Breach to the public for

Case No.

NOURI, et al. v. MARRIOTT

1   three months.  It claims to have first discovered the full nature and extent of the Data

2   Breach in September 2018, but sat on the information for three months while letting the

3   thieves to pilfer more sensitive data.

4          4.      The scope and scale of the Data Breach is unprecedented.  Marriott is one

5   of the largest hotel chains in the world.  Marriott encompasses a portfolio of more than

6   6,700 properties and 30 hotel brands, across 129 countries.  The Data Breach impacted

7   the customer reservation system of the Starwood brand hotels, which include W Hotels,

8   St. Regis, Sheraton Hotels & Resorts, Westin Hotels & Resorts, Element Hotels, Aloft

9   Hotels, The Luxury Collection, Tribute Portfolio, Le Méridien Hotels & Resorts, Four

10  Points by Sheraton and Design Hotels and Starwood branded timeshare properties.

11         5.      Marriott knew of the Data Breach as early as 2014.  In fact, in 2015,

12  Marriott discovered a smaller breach impacting the customer reservation system.

13  Marriott had an opportunity to fully investigate and stop the small breach.  Marriott

14  could have added additional protections to prevent a larger, more serious breach, and a

15  larger, more serious breach is in fact what happened.  Marriott had the opportunity to

16  identify the attackers in the 2015 breach and investigate the ways in which they freely

17  infiltrated the Marriott customer reservation system, stole customer information, and

18  avoided detection.  But it failed to do so.

19         6.      Marriott knew that attackers target hotel chains like itself because they

20  hold a trove of valuable customer data (including credit card and passport information),

21  are easily accessible remotely for maintenance purposes, and is known among attackers

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

for having lax protections.  Hotels are especially vulnerable to security breaches, because many still swipe credit cards at check-in rather than implement chip readers. Despite this knowledge, Marriott did not seek to take reasonable precautions, tailored to the unique systems, networks, and vulnerabilities of a global hotel chain, to protect customer data.

7.     Marriott made promises to its customers to protect the confidentiality of their information.  Marriott made these privacy policies and commitments available in a variety of documents, including on Marriott's websites, and in written privacy notices to its customers.  Marriott made these promises to convince its customers to freely give Marriott sensitive and confidential personal information and lure them to feel protected by an organization these customers thought they could trust.  Instead, Marriott stored this sensitive information in a breachable system and failed to install necessary alert systems to identify and deter cyberattackers.  Not only did Marriott leave the "bank vault" open for attackers to steal information, but it also failed to have security systems like alarms and "video monitors" that would go off of intruders tried to steal the loot.

8.     Plaintiffs and the Class they seek to represent have been injured as a result of the Data Breach.  Plaintiffs expect to replace their passports at an expense of $115 to $175 each.  They expect to spend hours filing police reports and poring over credit reports to search for identity theft.  They expect to pay monthly or annual fees for identity theft and credit monitoring services.  They are experiencing emotional distress and worry that for the rest of their lives their personal information, including credit card

data, is available for use by criminals.

9. Because Marriott failed to provide even minimally adequate computer systems and data security practices, Plaintiffs and the Class are forced to suffer the consequences.  This Court must hold Marriott accountable.

## II. THE PARTIES

10. Plaintiff Cina Nouri is a citizen of California and resides in Los Angeles County.

11. Plaintiff Ricardo Zepedia is a citizen of California and resides in Los Angeles County.

12. Marriott is a Delaware corporation with its principal place of business in Bethesda, Maryland.

## III. JURISDICTION, STANDING, AND VENUE

13. This Court has original jurisdiction over this Class Members' state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1367 (the Act).  At least one of the parties from each side is from different states (minimal diversity) and the amount in controversy is well over five million dollars ($5,000,000), exclusive of interest and costs.

14. This Court has personal jurisdiction over Marriott.   Marriott has purposefully availed itself of the privilege of conducting business in California.  Marriott is registered to conduct business in California.  Marriott oversees, manages, owns, and operates dozens of properties throughout California.  Marriott advertises and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

markets its brands, including the Starwood-branded hotels at issue in this lawsuit, throughout California. Marriott makes offers to California residents to reserve hotel rooms through its online portals, telephone reservation system, and travel agents. All of these California activities by Marriott were and are continuous and systematic. Plaintiffs' claims arise out of these continuous and systematic activities because Plaintiffs made their hotel reservations from California, enrolled in the Starwood Guest Preferred loyalty program from California, provided the information at issue in the Data Breach from California, and consummated the reservation transactions at issue from California. Marriott purposefully directed its activities toward California by expressly aiming its collection of reservation information to California residents. Marriott has the addresses of Plaintiffs and therefore knew Plaintiffs were residents of California.

15.    Venue is proper in this District because a substantial part of the events and omissions and acts giving rise to the claims herein occurred in this District. Venue is also proper in this District because there is personal jurisdiction over Defendant, and a substantial number of unnamed class members reside in this District and California. Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

16.    Plaintiffs have standing to bring this action. Plaintiffs' PII has been compromised, including names, addresses, passport numbers and expiration dates, financial and payment information (including credit card numbers and expiration dates), gender, birth dates, email addresses, passwords, and more. Their PII has been

compromised by criminals seeking to exploit, commercialize, and use such information for their own personal benefit and at great expense to Plaintiffs. There is a clear increased risk of identity theft that courts, lawmakers, regulators, Marriott, and the general public know to occur as a result of data breaches involving the type of information at issue in this case. There is an objectively reasonable likelihood of injury to Plaintiffs as a result of the Data Breach.

## IV. COMMON ALLEGATIONS

17. Marriott is a global hotel chain with more than 6,700 properties across 130 countries and territories. It has had at least 500 million customers making reservations for its hotels. In 2016, Marriott finalized a merger with Starwood Hotels and Resorts Worldwide, LLC ("Starwood"), another global hotel chain with brands such as the Sheraton, the W Hotels, and Westin Hotels and Resorts.

18. In merging Starwood into the Marriott brand, Marriott continued to maintain separate guest reservation databases for Marriott and Starwood hotels. When making reservations with Starwood-branded hotels (the "Starwood Reservation System), customers are required to provide extensive personal information, including names, mailing and billing addresses, passport information, credit or debit card information, email addresses, and birthdays (the "Reservation Information"). Marriott stored the customer information on databases it owned, operated, controlled and maintained (the "Starwood Database").

19. To make a reservation at a Starwood property through the Starwood

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Reservation System, Customers had to provide some or all of the Reservation Information.  If making a reservation abroad, customers may also be required to provide passport information, including their passport number, when reserving or check in to a hotel.  Passports and the information contained thereon are the legal property of the United States, but passport bearers are beneficiaries of the passport.

20.     On its website, Marriott acknowledges its responsibility to safeguard Reservation Information.  Marriott promises customers that it "seek[s] to use reasonable organizational, technical and administrative measures to protect Personal Data." Defendant's Privacy Statement further provides that Defendant will "retain your Personal Data for the period necessary to fulfill the purposes outlined in this Privacy Statement unless a longer retention period is required or permitted by law."

21.     Defendant also expressly represents the fact that it is "Privacy Shield Certified," and directs customers to its "Privacy Shield Guest Privacy Policy" (the "Privacy Shield Policy").  The Privacy Shield Policy promises customers that, *inter alia,* Defendant "use[s] reasonable physical, electronic, and administrative safeguards to protect your Personal Data from loss, misuse and unauthorized access, disclosure, alteration and destruction, taking into account the nature of the Personal Data and the risks involved in processing that information."

22.     Despite these promises, Marriott's Starwood Database was breached, resulting in the theft of hundreds of millions of customers' PII and the risk of identity fraud for each and every one of them.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

A.    **The Data Breach**

23.    On November 30, 2018, Marriott announced that it had discovered the Data Breach.   The Data Brach impacted 500 million guests interacting with the Starwood reservation system since 2014.  A forensic investigation of the Data Breach showed that PII for approximately 327 million guests, including names, mailing addresses, phone numbers, email addresses, passport numbers, Starwood Preferred Guest account information, dates of birth, gender, arrival and departure information, reservation dates, communication preferences and payment card numbers and expiration dates.  Marriott has publicly announced that the Data Breach involved the Starwood Database which contained guest information relating to reservations at Starwood properties on or before September 10, 2018.

24.    Marriott's Privacy Policy states the Marriott collects additional types of personal data than the data Marriott has identified may have been exposed.  The Privacy Policy states that Marriott collects the following information:

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Case No.

a. Financial information in limited circumstances

b. Language preference

c. Important dates, such as birthdays, anniversaries and special occasions

d. Membership or loyalty program data (including co-branded payment cards, travel partner program affiliations)

e. Employer details

f. Travel itinerary, tour group or activity data

g. Prior guest stays or interactions, goods and services purchased, special service and amenity requests

h. Geolocation information

i. Social media account ID, profile photo and other data publicly available, or data made available by linking the customer's social media and loyalty accounts

j. Data about family members and companions, such as names and ages of children

k. Biometric data, such as digital images

l. Images and video and audio data via: (a) security cameras located in public areas, such as hallways and lobbies, in our properties; and (b) body-worn cameras carried by our loss prevention officers and other security personnel

m. Guest preferences and personalized data ("Personal Preferences"), such as the customers interests, activities, hobbies, food and beverage choices, services and amenities of which the customer advises Marriott or which Marriott learns about during the customer's visit.

25. Marriott's public announcement claims that Marriott first became aware of this enormous cyberattack on September 8, 2018 when it received an alert from an internal security tool regarding an attempt to access the Starwood Database. Marriott began and investigation and purported to decrypt the information and determine the origin of the contents, i.e. the Starwood Database, on November 19, 2018.

26. In truth, Marriott knew of its internal network vulnerabilities as early as

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

2015.   In 2015, Marriott discovered a smaller breach impacting the customer reservation system.  Marriott had an opportunity to fully investigate and stop the small breach.  Marriott could have added additional protections to prevent a larger, more serious breach, and a larger, more serious breach is in fact what happened.  Marriott had the opportunity to identify the attackers in the 2015 breach and investigate the ways in which they freely infiltrated the Marriott customer reservation system, stole customer information, and avoided detection.  But it failed to do so.

27.   Moreover, Marriott acknowledges that the Data Breach first began in or around 2014.  Marriott failed to identify and alert authorities of criminal cyberattackers roaming around its systems for four years straight.  Marriott should have identified the cyberattack earlier than it did.  The hotel group should have established alert systems and taken other precautions in order to protect the customer information in its reservation systems.

28.   On November 30, 2018, Marriott's CEO expressed regret and gave a public apology.  President and Chief Executive Officer Arne Sorenson conceded in a press release that Defendant "fell short of what our guests deserve and what we expect of ourselves," and would be "using lessons learned to be better moving forward."

B.   **Consequences of the Data Breach**

29.   The consequences of the Data Breach are and will be unprecedented.  They will be severe, irreparable, and inconvenient for all the customers affected, including Plaintiffs.

Case No.

NOURI, et al. v. MARRIOTT

30.     The types of data at issue in the Data Breach is incredibly valuable to criminals, thieves, and the public at large.  There is a black market for this type of data because it is valuable.  Specifically, the Data Breach exposed personally identifiable information, including contact information, birth dates, passports, and other personal information.  It exposed financial information, including credit cards and expiration dates and other financial information.

31.     Marriott says the payment card numbers were encrypted, but it does not yet know if the hackers also stole the information needed to decrypt them.

32.     As a result, Plaintiffs and members of the Classes now face a real and immediate risk of identity theft and financial fraud associated with the disclosure of their PII, and will need to monitor, or continue to monitor, their bank accounts, credit and tax filings for an indefinite duration.

33.     The processes of discovering and dealing with the repercussions of identity theft are time consuming and difficult. The Bureau of Justice Statistics found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems."[1]

34.     Additionally, there is commonly lag time between when harm occurs and when it is discovered, and also between when personal information is stolen and when it is used. According to the U.S. Government Accountability Office, which conducted a

[1] Erika Harrell and Lynn Langton, *Victims of Identity Theft, 2012,* (Bureau of Justice Statistics Dec. 2013), available at http://www.bjs.gov/content/pub/pdf/v itl2 .pdf (last viewed December 4, 2018).

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[2]

C.     **Plaintiffs' PII Was Compromised**

     1.     **Cina Nouri**

35.     Cina Nouri is a California citizen and resident.  He is the owner of an automobile shop in Los Angeles, California.  He resides in Los Angeles County.  Cina Nouri has made numerous hotel reservations for stays at Starwood properties during the relevant time period.  He made reservations at the Sheraton hotel in 2011, 2015, 2016, and May 2018.  He made reservations at the W Hotels in 2013.  Sheraton and W Hotels are Starwood properties.  He made some of the reservations directly with the hotel and others through an online travel agency.  He checked in to each of the hotels.  Because some of the hotels were in foreign countries, he provided his passport information to Marriott to make the reservations.

36.     In 2011, he signed up for Starwood Preferred Guest rewards program.  He gave substantial PII to the Starwood Reservation System in connection with his enrollment in the rewards program.

37.     Upon information and belief, as a result of his interactions with Marriott,

---

[2] *See* U.S. Government Accountability Office, GAO Report to Congressional Requesters, *Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown* (June 2007), available at http://www.gao.gov/new.items/d07737.pdf

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

the Starwood Database contains his name, address, phone number, passport number and expiration date, credit card number and expiration date, and other PII. Upon information and belief, the Data Breach compromised such information, and such information is no longer securely on Marriott's Starwood Customer Reservation system. As a result of the Data Breach, his information is unsecured, readily exploitable, and out there for sale and commercialization by cyber criminals.

38.     As a result of Marriott's negligence in causing the Data Breach, Mr. Nouri will have to replace his passport at an out-of-pocket expense, pay for credit monitoring services, spend time checking his credit and credit card statements going back years for any signs of theft, and spend time filing a police report. Additionally, Mr. Nouri has had credit card fraud on an unusually frequent number of occasions in the past couple years. He has had to replace his credit cards several times. Upon information and belief, Marriott's negligence in causing the Data Breach actually resulted in compromise of Mr. Nouri's confidential payment and financial information.

### 2.     Ricardo Zepeda

39.     Ricardo Zepeda is a California citizen and resident. He is a Los Angeles Police Department officer. He resides in Los Angeles County.

40.     Mr. Zepeda has made numerous hotel reservations for stays at Starwood properties during the relevant time period. He made reservations at Aloft hotels and Westin Hotels in 2017. He made the reservations directly with the hotel. He checked in to each of the hotels. Because some of the hotels were in foreign countries, he

provided his passport information to Marriott to make the reservations.

41.     Upon information and belief, as a result of his interactions with Marriott, the Starwood Database contains his name, address, phone number, passport number and expiration date, credit card number and expiration date, and other PII.   Upon information and belief, the Data Breach compromised such information, and such information is no longer securely on Marriott's Starwood Customer Reservation system. As a result of the Data Breach, his information is unsecured, readily exploitable, and out there for sale and commercialization by cyber criminals.

42.     As a result of Marriott's negligence in causing the Data Breach, Mr. Zepeda will have to replace his passport at an out-of-pocket expense, pay for credit monitoring services, spend time checking his credit and credit card statements going back years for any signs of theft, and spend time filing a police report.

## V.     CLASS ACTION ALLEGATIONS

43.     Plaintiffs bring this action on behalf of themselves and a "Class" of similarly situated persons, defined as the following:

> All persons who provided their PII to Marriott and whose PII was compromised as a result of the Data Breach during the Relevant Time Period.

44.     The Relevant Time Period is defined as the maximum amount of time permitted by applicable law.

45.     <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impractical.  There are over a hundred members in the Class.  Indeed, there are

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

approximately 300 to 500 million members in the Class. The number and identities of such persons are ascertainable and identifiable based upon the records of Marriott.

46. <u>Commonality and Predominance</u>. There are multiple common questions of law and fact, the answers to which are apt to drive resolution of this case, and those common questions of law and fact predominate over any questions affecting only individual members. The common questions of law and fact include but are not limited to:

a. Whether Defendant failed to protect its customers' PII with industry-standard protocols and technology;

b. Whether Defendant's practices are false, misleading, or reasonably likely to deceive;

c. Whether Defendant failed to disclose material facts relating to the character and quality of its security practices;

d. Whether Defendant's conduct was reckless;

e. Whether California law applies to the proposed Class;

f. Whether Defendant's conduct constitutes a breach of contract;

g. Whether Defendant's conduct was negligent and/or grossly negligent;

h. Whether Defendant's violated the California Data Breach Act, Cal. Civ. Code § 1798.80, *et seq.* as alleged;

i. Whether Defendant engaged in unlawful, unfair, or fraudulent business practices in violation of California's Business and Professions Code §

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

17200, *et seq.* as alleged;

j.  Whether Plaintiffs and other Class members are entitled to equitable relief, including, but not limited to preliminary and/or permanent injunction;

k.  Whether Marriott acquired PII from Plaintiffs and members of the Class;

l.  Whether the PII of Plaintiffs and members of the Class were compromised as a result of the Data Breach;

m.  Whether the Data Breach occurred, and the scope, extent, and nature of the Data Breach;

n.  When Marriott first discovered the Data Breach;

o.  How Marriott first discovered the Data Breach;

p.  How Marriott responded to discovery of the Data Breach, and whether such response was reasonable;

q.  Whether Marriott should have known about the Data Breach before it discovered it.

47.  Superiority.  A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Joinder of individual claims by all class members is impracticable.  Even if every member of the Class could afford to sue, the court system would be unnecessarily burdened by the influx of individual suits.  The prosecution of individual claims presents the potential for unfairness as a result of

16

1
2
3
4
5
6
7
8
9
10
11

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

inconsistent or contradictory judgments.  No litigation concerning this controversy has already begun by any Class member.  By contrast, the class action will efficiently adjudicate this controversy by resolving common questions of law and fact, supporting economies of scale, and consolidating the claims under the supervision of a single court.  Plaintiffs and their counsel are aware of no difficulties in managing a class action.  Proper notice to the class is reasonably feasible.  Members of the Class are readily identifiable and can be notified based on available information, including Marriott's information.

48.    Typicality.  Plaintiffs' claims are typical of the members of the Class. Plaintiffs are each individuals who provided PII to Marriott during the Relevant Time Period and whose PII was compromised as a result of the Data Breach.

49.    Adequacy of Representation.  Plaintiffs have no interest that is adverse to, or which conflict with, the interests of the Class, and they are able to, and will, adequately and fairly represent the interests of the Class members.  Moreover, Plaintiffs have retained highly qualified, experienced, and competent counsel to prosecute the claims of each class member, and they intend to prosecute the claims vigorously.  The interests of the members of the class action will be fairly and adequately protected by Plaintiffs and their counsel.

**FIRST CAUSE OF ACTION**

**(For unlawful, unfair, and fraudulent business practices under**

**California Business and Professions Code § 17200, *et seq.*)**

50.   Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

51.   Defendant's acts and practices constitute unlawful, unfair, and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

52.   Defendant's conduct constitute fraudulent practices in that they are likely to deceive a reasonable consumer.

53.   Defendant's acts and practices constitute unlawful practices in that they violate the California Data Breach Act, Cal. Civ. Code § 1798.80, *et seq*. Defendant's unlawful practices also violate California's Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22576, which prohibits any company whose website or online service that collects personal identifiable information from California consumers from "knowingly and willfully" or "negligently and materially" breaching its own posed privacy policy.

54.   Defendant's acts and practices constitute unlawful practices in that they constitute a systematic breach of contract.

55.   Defendant engaged in unfair business  practices by, among other things:

   a.   Engaging in conduct where the utility of the conduct is outweighed by the gravity of the consequences to Plaintiffs and the other members of the Class;

   b.   Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the other members of the Class; and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

c. Engaging in conduct that undermines or violates the stated policies underlying the California's Online Privacy Act and the California Data Breach Act, which seeks to protect consumers and their PII.

56.   As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiffs and the Class have suffered injury in fact and lost money or property, in that they purchased products and services they otherwise would not have purchased and paid more for these products and services than they otherwise would have paid for.

57.   Plaintiffs and the members of the Class are entitled to equitable relief, including restitutionary disgorgement of all profits accruing to Marriott because of its unlawful, unfair and fraudulent, and deceptive practices, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Marriott from its unlawful, unfair, fraudulent and deceitful activity.

## SECOND CAUSE OF ACTION

**(Violation of the California Data Breach Act, Cal. Civ. Code § 1780, *et seq*.)**

58.   Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

59.   The Data Breach constituted a "breach of the security system" of Marriott pursuant to Cal. Civ. Code § 1798.82(g).

60.   Defendant negligently and recklessly failed to provide reasonable and adequate security measures. Defendant also unreasonably delayed in informing the Plaintiffs and members of the Class about the security breach of Class members'

Case No.

NOURI, et al. v. MARRIOTT

confidential and non-public information after Marriott knew the data breach had occurred.

61.    As a result of Marriott's conduct, Plaintiffs and the Class incurred economic damages related to the expenses for credit monitoring, replacement of passports, the time and expense of reviewing credit card statements, and the economic distress as a result of the fear of their identity and credit being compromised, and the loss associated with paying supra-competitive priced for products and services that they believed were purchased through secure transactions. They would not have paid such inflated prices had they known that their PII would be compromised.

62.    Plaintiffs, individually and on behalf of the Class, seek all remedies available under Cal. Civ. Code § 1798.84, including: (a) damages suffered by the member of the Class; (b) statutory damages; and (c) equitable relief.

63.    Plaintiffs, individually and on behalf of the Class, also seek reasonable attorney's fees and costs under Cal. Civ. Code § 1798.84(g).

## THIRD CAUSE OF ACTION

### (For Breach of Contract)

64.    Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

65.    Plaintiffs and the Class relied upon Defendant's representations regarding privacy and data security before purchasing Defendant's products and services.

66.    Defendant imposed upon itself an obligation to use reasonable and industry-standard security practices and procedures to protect Plaintiffs' and Class

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

members' data and personal information.

67.     Plaintiffs and the Class performed their obligations.

68.     Plaintiffs and the Class paid for, but never received, the valuable security protections to which they were entitled. Part of the priced of the products and services was security and data protection.

69.     Accordingly, Plaintiffs, on behalf of themselves and the other Class members, seek an order declaring that Marriott's conduct constitutes a breach of contract, and an award of damages in an amount equal to the difference in the free-market value of the secure services and/or products paid for and the insecure services and/or products they received and for all other damages proximately caused thereby.

**FOURTH CAUSE OF ACTION**

**(For Breach of Covenant of Good Faith and Fair Dealing)**

70.     Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

71.     The law implies a covenant of good faith and fair dealing in every contract.

72.     Plaintiffs and the Class members contracted with Marriott by accepting Marriott's offers and paying for products and services.

73.     Plaintiffs and the Class performed all of the significant duties under their agreements with Marriott.

74.     The conditions required for Marriott's performance under the contract has occurred.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

75.     Marriott did not provide and/or unfairly interfered with and/or frustrated the right of Plaintiffs and the Class to receive the full benefits under their agreement.

76.     Marriott breached the covenant of good faith and fair dealing implied in its contracts with Plaintiffs and the Class by failing to use and provide reasonable industry-leading security practices.

77.     Plaintiffs and the Class were damaged by Marriott's breach in that they paid for, but never received, the valuable security protections to which they were entitled, and which would have made their products and services more valuable.

## FIFTH CAUSE OF ACTION

### (For Money Had and Received)

78.     Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

79.     Marriott misrepresented its security practices and procedures to Plaintiffs and the Class.

80.     Marriott received money belonging to Plaintiffs and the Class when it sold them products and services with substandard security.

81.     Marriott benefited from the receipt of money and retained it.

82.     Marriott received money under circumstances that in equity and good conscience it would not be able to retain.

83.     As a result of Marriott's misconduct, Plaintiffs and the Class have been harmed and are entitled to relief. Marriott is obligated to make restitution for its customer's purchases of products and services.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## SIXTH CAUSE OF ACTION

### (Negligence)

84.     Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

85.     Marriott owed Plaintiffs and members of the Class a duty to exercise reasonable care in collecting, storing, disclosing, and protecting their PII.  The duty included maintaining and testing Marriott's security systems, and taking other reasonable security measures to protect and adequately secure the SPI of Plaintiffs and the Classes from unauthorized access and use.

86.     Marriott further had a duty to timely disclose to Plaintiffs and the Class that their PII had been or was reasonably believed to have been compromised.  Timely disclosure is appropriate so that Plaintiffs and the Classes could, among other things, report the theft of their passport numbers to the State Department, monitor their credit reports for identity fraud, obtain credit freezes, undertake appropriate measures to avoid unauthorized charges on their debit card or credit card accounts, and change or cancel their debit or credit card PINs (personal identification numbers) to prevent or mitigate the risk of fraudulent cash withdrawals or unauthorized transactions.

87.     Marriott further had a duty to destroy the SPI of Plaintiffs and the Classes from its databases within a reasonable amount of time after it was no longer necessary for Marriott to retain such information in order to mitigate the risk of loss of individuals' SPI in the event of a data breach.

88.     Marriott breached these duties by failing to implement and maintain

adequate security measures to safeguard such information, failing to monitor its systems to identify suspicious activity, allowing unauthorized access to the PII of Plaintiffs and the Class, and failing to adequately encrypt or otherwise prevent unauthorized access to the PII.

89.   Marriott further breached these duties by failing to timely notify Plaintiffs and the Class.  Marriott became aware of the Data Breach at least as early as September 8, 2018 and plausibly as early as 2015, but never informed Plaintiffs or the Class until November 30, 2018.

90.   As a direct and proximate result of Defendant's failure to exercise reasonable care and use commercially reasonable security measures, the PII of Plaintiffs and the Classes was accessed, copied and encrypted by unauthorized individuals who may have used the information to commit identity theft and fraud, or conveyed the information to others to do so. But for Defendant's failure to implement and maintain adequate security measures to protect individuals' PII and failure to monitor its systems to identify suspicious activity, the PII of Plaintiffs and the Classes would not have been stolen, and Plaintiffs and the Classes would not be at an increased risk of identity theft and financial fraud for years into the future.

91.   Negligence Per Se is appropriate.  Marriott had regulatory and statutory duties identified herein.  Those regulatory and statutory duties were intended to benefit customers like Plaintiffs and members of the Class.  Marriott breached those regulatory and statutory duties.  As a foreseeable result of those breaches, Plaintiffs and members

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

of the Class were harmed.

## VI.    PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS, individually and on behalf of other members of the Class described in this Complaint that they seek to represent, respectfully request as follows:

1.      For an Order certifying this action as a Class action;

2.      For an Order naming counsel herein as Class counsel;

3.      For an Order designating Plaintiffs as Class Representatives;

4.      Enter judgment against Marriott and in favor of Plaintiffs for all causes of action;

5.      For an order declaring that Marriott's acts and practices constitute a breach of contract;

6.      For an order enjoining Marriott from continuing to engage in unlawful business practices as alleged herein;

7.      All economic and non-economic damages allowed by any causes of action;

8.      Costs of suit incurred herein;

9.      Any and all prejudgment interest permitted by law;

10.     Reasonable attorney fees and costs of suit, including expert witness fees;

11.     Restitution; and

For such further relief the Court deems proper.

Case No.

NOURI, et al. v. MARRIOTT

1  DATED:  December 7, 2018          PANISH SHEA & BOYLE LLP

2

3

4                                    By: _____

5                                        Jesse Creed
                                         Attorneys for PLAINTIFFS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax